■ MELISSA ANDERSON, Respondent, v GHI AUTO SERVICE, INC., et al., Defendants, and MAURICE MITCHELL, Appellant. [845 NYS2d 129]—

In an action to recover damages for personal injuries, the defendant Maurice Mitchell appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated November 22, 2006, which, after a hearing, denied that branch of his motion which was pursuant to CPLR 5015 (a) (1) and 317 to vacate a judgment of the same court (Lonschein, J.) dated June 13, 1997, entered upon his default in appearing or answering the complaint.

Ordered that the order is affirmed, with costs.

To vacate a judgment on the ground of excusable default pursuant to CPLR 5015 (a) (1), the defendant Maurice Mitchell (hereinafter the defendant) was required to demonstrate both a reasonable excuse for his default and the existence of a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Taylor v Saal*, 4 AD3d 467 [2004]). The defendant failed to do so.

Pursuant to CPLR 308 (2), service of process may be made, inter alia, by delivery of the summons within the state to a person of suitable age and discretion "at the [defendant's] actual

place of business, dwelling place or usual place of abode," and by mailing the summons to the defendant at his or her last known residence or actual place of business. The "plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (*Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343 [2003]). The evidence presented by the defendant failed to refute the plaintiff's proof that the summons was delivered to a person of suitable age and discretion at the defendant's place of business, and the defendant's mere denial of receipt of the summons and complaint failed to rebut the presumption of proper service created by the affidavit of service (*see* CPLR 5015 [a] [4]; *General Motors Acceptance Corp. v Grade A Auto Body, Inc.*, 21 AD3d 447 [2005]). Thus, proper service was made upon the defendant pursuant to CPLR 308 (2).

In any event, relief from the defendant's default is barred under CPLR 317, wherein "A person served with a summons other than by personal delivery to him or to his agent for service designated under rule 318, within or without the state, who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment, but in no event more than five years after such entry, upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense." Here, more than five years elapsed between the entry of the judgment in 1997 and the defendant's underlying motion in 2006. Therefore, the defendant was barred from obtaining vacatur of the default judgment against him pursuant to CPLR 317 (*see State of N.Y. Higher Educ. Servs. Corp. v Upshur*, 252 AD2d 333, 337 [1999]). Spolzino, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.