■ Sass Muni IV DTR et al., Respondents, v Milton J. Braxter et al., Defendants, and Valerie A. Hawkins, Appellant. [38 NYS3d 913]—

In an action to foreclose real property tax liens, the defendant Valerie A. Hawkins appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McCormack, J.), entered January 8, 2015, as denied that branch of her motion, made jointly with the defendant Milton J. Braxter, which was pursuant to CPLR 5015 (a) (1) and (4) to vacate a judgment of foreclosure and sale of the same court entered February 5, 2014, upon her failure to appear or answer the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the appellant's motion, made jointly with the defendant Milton J. Braxter, which was pursuant to CPLR 5015 (a) (1) and (4) to vacate a judgment of foreclosure and sale entered upon her failure to appear or answer the complaint. Regarding that branch of the appellant's motion which was to vacate the default judgment of foreclosure and sale pursuant to CPLR 5015 (a) (4) for lack of personal jurisdiction, the process server's affidavit of service constituted prima facie evidence of service of the summons and complaint pursuant to CPLR 308 (2) (*see Central Mtge. Co. v Ward*, 127 AD3d 803 [2015]; *Wachovia Bank, N.A. v Carcano*, 106 AD3d 726 [2013]; *Roberts v Anka*, 45 AD3d 752, 754 [2007]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343-344 [2003]), and the appellant's bare and unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service (*see Wachovia Bank, N.A. v Carcano*, 106 AD3d at 726; *US Natl. Bank Assn. v Melton*, 90 AD3d 742, 743 [2011]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d at 344).

To the extent that the appellant argues that the Supreme Court should have granted that branch of her motion which was to vacate the default judgment of foreclosure and sale pursuant to CPLR 5015 (a) (1), she failed to demonstrate a reasonable excuse for her default since the only excuse she proffered was that she was not served with process (*see Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759, 760 [2013]; *Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724 [2013]; *Reich v Redley*, 96 AD3d 1038 [2012]). The absence of a reasonable excuse for the default renders it unnecessary to determine whether she demonstrated the existence of a potentially meritorious defense (*see Deutsche Bank Natl. Trust Co. v White*, 110 AD3d at 760; *Wells Fargo Bank v Malave*, 107

AD3d 880 [2013]; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 790 [2011]).

Accordingly, the Supreme Court properly denied that branch of the appellant's motion, made jointly with Braxter, which was pursuant to CPLR 5015 (a) (1) and (4) to vacate the default judgment of foreclosure and sale. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.