■ BANK OF AMERICA, N.A., Respondent, v KANWAL N. AGAR-WAL et al., Defendants. [57 NYS3d 153]—

In an action to foreclose a mortgage, the defendants Kanwal N. Agarwal and Shilpa Agarwal appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered November 17, 2014, which granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denied their cross motion, in effect, to vacate their default in answering the complaint and to dismiss the complaint insofar as asserted against them, inter alia, based upon the plaintiff's failure to comply with RPAPL 1304, or for leave to serve a late answer.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to foreclose a mortgage against the defendants Kanwal N. Agarwal and Shilpa Agarwal (hereinafter together the defendants), among others. The defendants did not answer the complaint. After a foreclosure settlement conference, the Supreme Court granted the plaintiff's unopposed motion for a default judgment and an order of reference. The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion and cross-moved, in effect, to vacate their default in answering the complaint and to dismiss the complaint insofar as asserted against them, inter alia,

based upon the plaintiff's failure to comply with RPAPL 1304, or for leave to serve a late answer. In an order entered November 17, 2014, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The defendants appeal.

"An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (*HSBC Bank USA, N.A. v Clayton*, 146 AD3d 942, 944 [2017] [internal quotation marks omitted]; *see* CPLR 3215 [f]; *Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841, 843 [2015]; *U.S. Bank, N.A. v Razon*, 115 AD3d 739, 740 [2014]). Here, the plaintiff satisfied these requirements (*see U.S. Bank, N.A. v Razon*, 115 AD3d at 740).

A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (*see* CPLR 2004, 3012 [d]; *Chase Home Fin., LLC v Minott*, 115 AD3d 634, 634 [2014]; *Community Preserv. Corp. v Bridgewater Condominiums, LLC*, 89 AD3d 784, 785 [2011]; *Taddeo-Amendola v 970 Assets, LLC*, 72 AD3d 677 [2010]). In opposition to the plaintiff's motion, and in support of their cross motion, the defendants failed to offer any excuse for their default. Accordingly, it is unnecessary to consider whether they sufficiently demonstrated a potentially meritorious defense (*see HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647, 648 [2014]; *U.S. Bank N.A. v Stewart*, 97 AD3d 740, 741 [2012]; *see also HSBC Bank USA, N.A. v Roldan*, 80 AD3d 566, 567 [2011]), including the plaintiff's purported failure to comply with the notice requirements of RPAPL 1304 and paragraph 22 of the mortgage (*see HSBC Bank USA, N.A. v Clayton*, 146 AD3d at 942).

Accordingly, the Supreme Court properly granted the plaintiff's motion and denied the defendants' cross motion.

The defendants' remaining contention is improperly raised for the first time on appeal. Dillon, J.P., Roman, Cohen and Miller, JJ., concur.