■ U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2006-1, Appellant, v Jillian Telford, Respondent, et al., Defendants. [60 NYS3d 370]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (King, J.), dated September 8, 2015, which denied its motion for a judgment of foreclosure and sale and to appoint a referee to conduct a sale of the subject premises, and granted those branches of the cross motion of the defendant Jillian Telford which were to vacate an order of reference and default judgment of the same court dated September 23, 2014, entered upon her failure to appear in the action or answer the complaint, and for leave to serve a late answer.

Ordered that the order dated September 8, 2015, is reversed, on the law, with costs, the plaintiff's motion for a judgment of foreclosure and sale and to appoint a referee to conduct a sale of the subject premises is granted, and those branches of the cross motion of the defendant Jillian Telford which were to vacate the order of reference and default judgment dated September 23, 2014, and for leave to serve a late answer are denied.

The Supreme Court should have denied that branch of the defendant Jillian Telford's cross motion which was pursuant to CPLR 5015 (a) (4) to vacate the order of reference and default judgment entered upon her failure to appear or answer the complaint for lack of personal jurisdiction. The process server's

affidavit of service constituted prima facie evidence of service of the summons and complaint pursuant to CPLR 308 (2), and Telford's bare and unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service (*see Washington Mut. Bank v Huggins*, 140 AD3d 858, 859 [2016]; *Bank of N.Y. v Espejo*, 92 AD3d 707, 708 [2012]; *Roberts v Anka*, 45 AD3d 752, 754 [2007]; cf. *Wachovia Bank, N.A. v Greenberg*, 138 AD3d 984, 985 [2016]). Telford failed to dispute the physical characteristics of the person served and failed to deny receipt of the mailed copies of the summons and complaint.

Regarding that branch of Telford's cross motion which was to vacate the order of reference and default judgment pursuant to CPLR 5015 (a) (1), Telford failed to demonstrate a reasonable excuse for her default since the only excuse she proffered was that she was not served with process (*see Matter of Foreclosure of Tax Liens*, 144 AD3d 1033, 1034 [2016]; *Sass Muni IV DTR v Braxter*, 143 AD3d 798, 799 [2016]). The absence of a reasonable excuse for the default renders it unnecessary to determine whether she demonstrated the existence of a potentially meritorious defense (*see Bank of Am., N.A. v Agarwal*, 150 AD3d 651 [2017]; *Sass Muni IV DTR v Braxter*, 143 AD3d at 799). Accordingly, the Supreme Court should have denied that branch of Telford's cross motion which was pursuant to CPLR 5015 (a) (1) to vacate the order of reference and default judgment.

For the same reasons, the plaintiff's motion for a judgment of foreclosure and sale and to appoint a referee to conduct a sale of the subject premises should have been granted (*see Wells Fargo Bank, N.A. v Stewart*, 146 AD3d 921, 922 [2017]). Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.