BAC Home Loans Servicing, LP v Carrasco (2018 NY Slip Op 02443)





BAC Home Loans Servicing, LP v Carrasco


2018 NY Slip Op 02443


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2015-12172
2015-12176
2015-12179
 (Index No. 5431/10)

[*1]BAC Home Loans Servicing, LP, etc., appellant,
v
Andres H. Carrasco, respondent, et al., defendants.


Sandelands Eyet, LLP, New York, NY (William C. Sandelands, Laurence P. Chirch, and Kieran M. Dowling of counsel), for appellant.
Peter M. Zirbes, Esq., P.C., Forest Hills, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered October 14, 2014, as directed a hearing on that branch of the motion of the defendant Andres H. Carrasco which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, (2) from an order of the same court entered February 10, 2015, which, after a hearing, in effect, granted that branch of the motion of the defendant Andres H. Carrasco which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and (3), as limited by its brief, from so much of an order of the same court entered October 22, 2015, as denied that branch of its motion which was for leave to reargue.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order entered October 14, 2014, as directed a hearing on that branch of the motion of the defendant Andres H. Carrasco which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order entered October 14, 2014, is reversed insofar as appealed from, on the law, that branch of the motion of the defendant Andres H. Carrasco which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is denied, and the order entered February 10, 2015, is vacated; and it is further,
ORDERED that the appeal from the order entered February 10, 2015, is dismissed as academic in light of our determination on the appeal from the order entered October 14, 2014; and it is further,
ORDERED that the appeal from so much of the order entered October 22, 2015, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal [*2]lies from an order denying reargument; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
A process server's affidavit of service gives rise to a presumption of proper service (see Machovec v Svoboda, 120 AD3d 772, 772; Wells Fargo Bank, N.A. v Final Touch Interiors, LLC, 112 AD3d 813, 814). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits'" (Scarano v Scarano, 63 AD3d 716, 716 [citation omitted], quoting Simonds v Grobman, 277 AD2d 369, 370; see American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d 1004, 1005; Edwards, Angell, Palmer & Dodge, LLP v Gerschman, 116 AD3d 824). Here, the affidavit of the defendant Andres H. Carrasco, which was submitted in support of his motion, inter alia, to dismiss the complaint insofar as asserted against him, set forth that he did not receive the pleadings, but did not deny the specific facts contained in the process server's affidavit (see U.S. Bank N.A. v Telford, 153 AD3d 881, 882; Bank of N.Y. v Samuels, 107 AD3d 653, 654; Christiana Bank & Trust Co. v Eichler, 94 AD3d 1170, 1171). Carrasco's conclusory assertion was inadequate to rebut the presumption of proper service (see U.S. Bank, N.A. v Peralta, 142 AD3d 988, 988-989; Bank of N.Y. v Espejo, 92 AD3d 707, 708). Accordingly, a hearing to determine the validity of service of process was not warranted under the circumstances of this case, the order directing that hearing must be reversed, and the order made after the hearing must be vacated (see Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717; Washington Mut. Bank v Huggins, 140 AD3d 858, 859).
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court