JPMorgan Chase Bank, Natl. Assn. v Daar (2018 NY Slip Op 03342)





JPMorgan Chase Bank, Natl. Assn. v Daar


2018 NY Slip Op 03342


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-00565
 (Index No. 10936/09)

[*1]JPMorgan Chase Bank, National Association, etc., respondent,
v Howard Daar, et al., appellants, et al., defendants.


Jonathan A. Stein, P.C., Cedarhurst, NY, for appellants.
Shapiro DiCaro & Barak, LLC, Rochester, NY (Ellis M. Oster and Kristina Brizee of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Howard Daar and Robin Daar appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 13, 2015. The order, insofar as appealed from, denied, without a hearing, those branches of the motion of the defendants Howard Daar and Robin Daar which were pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale dated November 12, 2014, entered upon their failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the action insofar as asserted against them for lack of personal jurisdiction, and denied those branches of their motion which were pursuant to CPLR 5015(a)(1) to vacate the judgment of foreclosure and sale upon the ground of excusable default, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2009, the plaintiff commenced this action against Howard Daar and Robin Daar (hereinafter together the defendants), among others, to foreclose a mortgage. The defendants failed to appear or answer the complaint. In August 2010, the Supreme Court granted the plaintiff's motion for an order of reference. Thereafter, the court, upon the plaintiff's motion, issued a judgment of foreclosure and sale dated November 12, 2014. In February 2015, the defendants moved, inter alia, pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and pursuant to CPLR 3215(c) to dismiss the action insofar as asserted against them as abandoned. In an order entered October 13, 2015, the court denied the motion. The defendants appeal.
We agree with the Supreme Court's determination to deny, without a hearing, those branches of the defendants' motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale entered upon their failure to appear or answer, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The process server's affidavits constituted prima facie evidence of proper service, and the defendants' allegations were insufficient to refute the content of the affidavits (see JPMorgan Trust Bank, N.A. v Hoffmann, 154 AD3d 699; Citimortgage, Inc. v Baser, 137 AD3d 735, 736; Wells Fargo Bank, N.A. v McGloster, 48 AD3d 457, 458). The discrepancies between the appearance of [*2]Robin Daar and the description of her provided in the process server's affidavits were minor and insufficient to warrant a hearing (see JPMorgan Trust Bank, N.A. v Hoffmann, 154 AD3d 700; Citimortgage, Inc. v Baser, 137 AD3d at 736; Wells Fargo Bank, N.A. v McGloster, 48 AD3d at 458).
We also agree with the Supreme Court's denial of that branch of the defendants' motion which was pursuant to CPLR 5015(a)(1) to vacate the judgement of foreclosure and sale. To demonstrate their entitlement to vacatur of the judgment upon the ground of excusable default, the defendants were required to establish, inter alia, a reasonable excuse for their default (see CPLR 5015[a][1]; 92-18 149th St. Realty Corp. v Stolzberg, 152 AD3d 560, 562). The defendants failed to do so, since the only excuse they proffered was that they were not served with process (see Sass Muni IV DTR v Braxter, 143 AD3d 798, 799; Community W. Bank, N.A. v Stephen, 127 AD3d 1008, 1009; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 765; Reich v Redley, 96 AD3d 1038, 1039). The absence of a reasonable excuse for the defendants' default renders it unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense (see U.S. Bank N.A. v Telford, 153 AD3d 881, 882; Bank of Am., N.A. v Agarwal, 150 AD3d 651, 652; Sass Muni IV DTR v Braxter, 143 AD3d at 799).
We further agree with the Supreme Court's denial of that branch of the defendants' motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned, since the record demonstrates that the plaintiff initiated proceedings for entry of a judgment within one year of the defendants' default (see U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110; Wells Fargo Bank, N.A. v Combs, 128 AD3d 812, 813).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court