Wells Fargo Bank, NA v Burshstein (2019 NY Slip Op 04224)





Wells Fargo Bank, NA v Burshstein


2019 NY Slip Op 04224


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-04685
 (Index No. 29704/09)

[*1]Wells Fargo Bank, NA, respondent,
v
Gene Burshstein, appellant, et al., defendants.


Cooper & Paroff, P.C., Kew Gardens, NY (Henry M. Graham and Allen Abraham of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (David Dunn and Christian Fletcher of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gene Burshstein appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 30, 2017. The order, insofar as appealed from, denied, without a hearing, those branches of that defendant's motion which were to vacate an order of reference of the same court dated June 18, 2014, and a judgment of foreclosure and sale of the same court dated November 20, 2015, and, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and granted that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to deem service of the summons and complaint upon that defendant on April 22, 2010, timely and valid, nunc pro tunc.
ORDERED that the order dated January 30, 2017, is affirmed insofar as appealed from, with costs.
On November 23, 2009, the plaintiff commenced this action against the defendant Gene Burshstein (hereinafter the defendant), among others, to foreclose a mortgage on property located at 2127 Flatbush Avenue in Brooklyn. One affidavit of service indicated that the defendant was served with copies of the summons and complaint pursuant to CPLR 308(4) on December 2, 2009, at a specified address on Gaylord Drive South in Brooklyn. After the plaintiff learned that the defendant's last known address was at a different location, i.e., a specified address on National Drive in Brooklyn (hereinafter the National Drive address), service was attempted again. A second affidavit of service indicated that the defendant was served pursuant to CPLR 308(4) at the National Drive address on April 22, 2010, more than 120 days after commencement of the action (see CPLR 306-b). The defendant failed to answer the complaint. In an order of reference dated June 18, 2014, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment and referred the matter to a referee to compute the amount due the plaintiff on the mortgage loan (hereinafter the order of reference). Thereafter, the court issued a judgment of foreclosure and sale dated November 20, 2015.
In September 2016, the defendant moved, inter alia, to vacate the order of reference and the judgment of foreclosure and sale, and, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The plaintiff cross-[*2]moved, inter alia, to deem service on the defendant on April 22, 2010, timely and valid, nunc pro tunc. In an order dated January 30, 2017, the Supreme Court found that the service effected in 2010 was timely and valid, denied the defendant's motion, and granted the plaintiff's cross motion. The defendant appeals from so much of the order as denied those branches of his motion which were to vacate the order of reference and the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him, and granted that branch of the plaintiff's cross motion.
A process server's affidavit of service constitutes prima facie evidence of proper service (see Rolling Acres Developers, LLC v Montinat, 166 AD3d 696; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 764; C & H Import & Export, Inc. v MNA Global, Inc., 79 AD3d 784, 784; McIntyre v Emanuel Church of God in Christ, Inc., 37 AD3d 562, 562). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (Indymac Fed. Bank FSB v Quattrochi, 99 AD3d at 764 [citation and internal quotation marks omitted]; see Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984-985; Scarano v Scarano, 63 AD3d 716, 716).
Here, the defendant failed to rebut the presumption of proper service established by the affidavit of service attesting that the defendant was served with the summons and complaint on April 22, 2010, at the National Drive address. In support of his motion, the defendant submitted an affidavit in which he averred that he was "never served at [his] home address" and that the plaintiff "failed to serve [him] with the summons and complaint." However, after the alleged service on April 22, 2010, the defendant did not specifically deny receiving copies of the summons and complaint (see HSBC Bank USA v Whitter, 159 AD3d 942, 945; U.S. Bank N.A. v Telford, 153 AD3d 881, 882; cf. U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155). Nor did the defendant deny that the National Drive address was his last known residence, as alleged in the affidavit of service (see HSBC Bank USA v Whitter, 159 AD3d at 945). Moreover, although the defendant denied that he resided at the National Drive address on April 22, 2010, and stated that he lived at a specified address in Manhattan (hereinafter the Manhattan address) on that date, the ConEdison "billing history" he submitted did not show ConEdison service at the Manhattan address in April 2010, and thus, was insufficient to demonstrate that the defendant resided at the Manhattan address on April 22, 2010. Further, although the defendant submitted an income tax return showing that his home address in 2009 was the Manhattan address, he did not submit an income tax return for 2010, showing that his home address in 2010 was still the Manhattan address. Thus, the defendant failed to substantiate his claim that he did not reside at the National Drive address on April 22, 2010, and the Supreme Court properly found that service on the defendant on that date was valid (cf. Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC, 106 AD3d 863, 864; U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1016).
Moreover, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to deem service of the summons and complaint on the defendant on April 22, 2010, timely, nunc pro tunc. The plaintiff established good cause for the late service by demonstrating that it exercised reasonably diligent efforts to timely effect proper service (see Thompson v City of New York, 89 AD3d 1011, 1012). In any event, the plaintiff also established that it was entitled to a nunc pro tunc extension of time to serve in the interest of justice, based on its showing that an action would be barred by the statute of limitations should an extension not be granted, that it had a potentially meritorious cause of action, and that the defendant would not be prejudiced by deeming the service on April 22, 2010, timely, nunc pro tunc (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105; Estate of Fernandez v Wyckoff Hghts. Med. Ctr., 162 AD3d 742, 744; Jhang v Nassau Univ. Med. Ctr., 140 AD3d 1018, 1019-1020; Selmani v City of New York, 100 AD3d 861, 862).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny, without a hearing, those branches of the defendant's motion which were to vacate the order of reference and [*3]the judgment of foreclosure and sale, and, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and to grant that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to deem service of the summons and complaint upon that defendant on April 22, 2010, timely and valid, nunc pro tunc.
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court