Wilson v Saini (2023 NY Slip Op 05753)

Wilson v Saini

2023 NY Slip Op 05753

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2021-02726
 (Index No. 17410/10)

[*1]Jessyca Wilson, et al., appellants, 
v
Rajiv Saini, etc., et al., respondents.

Daniel H. Gilberg, New York, NY, for appellants.
Martin Clearwater & Bell LLP, New York, NY (Richard Wolf, Gregory A. Cascino, and Jason F. Kaufman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 26, 2021. The order denied the plaintiffs' motion, inter alia, to vacate an order of the same court (Lizette Colon, J.) dated January 22, 2020, granting that branch of the defendants' unopposed motion which was pursuant to CPLR 3126 to dismiss the complaint.
ORDERED that the order dated March 26, 2021, is affirmed, with costs.
In July 2010, the plaintiffs commenced this action, inter alia, to recover damages for medical malpractice that allegedly occurred in 2008. A preliminary conference order directed the completion of discovery and the filing of a note of issue by October 14, 2015. The plaintiffs did not file a note of issue by the court-ordered deadline, and the action was administratively marked disposed in 2016. In 2019, the plaintiffs moved to restore the action to the active calendar. In an order dated September 23, 2019, the Supreme Court granted the plaintiffs' motion to restore the action to the active calendar and set forth a new schedule for the completion of discovery and a deadline of July 17, 2020, for the note of issue to be filed. Subsequently, in an order dated January 22, 2020 (hereinafter the dismissal order), the court granted that branch of the defendants' unopposed motion which was pursuant to CPLR 3126 to dismiss the complaint.
On March 5, 2020, the plaintiffs moved, inter alia, to vacate the dismissal order. In support of the motion, the plaintiffs contended that they were not served with the defendants' motion, among other things, pursuant to CPLR 3126 to dismiss the complaint, and therefore, the Supreme Court lacked jurisdiction to entertain that motion. The plaintiffs further contended that the dismissal order should be vacated in the interest of justice. In opposition to the plaintiffs' motion, the defendants submitted, inter alia, an affidavit of service of the defendants' motion papers by mail upon the plaintiffs' attorney. In an order dated March 26, 2021, the court denied the plaintiffs' motion. The plaintiffs appeal.
The plaintiffs failed to demonstrate their entitlement to vacatur of the dismissal order pursuant to CPLR 5015(a)(4) based on the Supreme Court's lack of jurisdiction to entertain the defendants' motion, inter alia, pursuant to CPLR 3126 to dismiss the complaint. The defendants' [*2]affidavit of service by mail, which contained the proper address for the plaintiffs' attorney, created a presumption of proper mailing and receipt of the motion papers (see JPMorgan Chase Bank, N.A. v Degennaro, 163 AD3d 539, 541; Tsikotis v Pioneer Bldg. Corp., 96 AD3d 936). The plaintiffs failed to rebut the presumption of proper service created by the affidavit (see Citimortgage, Inc. v Reese, 162 AD3d 847, 848; Caprio v 1025 Manhattan Ave. Corp., 63 AD3d 656, 657; see also Kihl v Pfeffer, 94 NY2d 118, 122).
The plaintiffs also failed to set forth a sufficient reason to invoke the Supreme Court's inherent power to vacate the dismissal order in the interest of justice (see Washington Mut. Bank v Baldera, 208 AD3d 1278, 1280-1281; BAC Home Loans Servicing, L.P. v Tessler, 208 AD3d 619, 621; Katz v Marra, 74 AD3d 888, 891; see generally Woodson v Mendon Leasing Corp., 100 NY2d 62, 68).
Accordingly, the Supreme Court properly denied the plaintiffs' motion, inter alia, to vacate the dismissal order.
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court