Cook v City of New York (2025 NY Slip Op 50720(U))

[*1]

Cook v City of New York

2025 NY Slip Op 50720(U)

Decided on May 6, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 6, 2025
Supreme Court, Kings County

Eileen Cook, Plaintiff,

against
City of New York, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, NEW YORK CITY TRANSIT AUTHORITY, G. ROLLINS PLUMBING & HEATING, LLC, and GEORGE ROLLINS, Defendants.

Index No. 6613/2008

Shnaider Law PLLC, New York City (Yana Clair Shnaider of counsel), for plaintiff.
Horwitz & Zim Law Group, New York City (Eric M. Zim of counsel), for defendants G. Rollins Plumbing & Heating, LLC and George Rollins.

Aaron D. Maslow, J.

The following papers were used on this motion:
• Summons and complaint, Index No. 6613/2008.
• Affidavits of service of summons and complaint, Index No. 6613/2008.
• Summons and complaint, Index No. 24713/2009.
• Affidavits of service of summons and complaint, Index No. 24713/2009.
• Default judgment order dated February 8, 2010, Index No. No. 24713/2009.
• Consolidation order dated February 8, 2010, Index No. No. 24713/2009.
• Trial preference order dated September 23, 2010, Index No. 6613/2008.
• Stipulation of settlement dated September 23, 2010, Index No. 6613/2008.
• Inquest scheduling order dated September 23, 2010, Index No. 6613/2008.
• Notice of entry of order scheduling inquest, order, and proof of service, Index No. 6613/2008.
• Stipulation of discontinuance, Index No. 6613/2008.
• Judgment, inquest transcript, affidavit of service of proposed judgment, summons and complaint, affidavits of service, stipulation of settlement, inquest scheduling order, stipulation of discontinuance, Law Department letter, affidavits of service; Index No. [*2]6613/2008.
• Order to show cause dated April 25, 2025; affidavit of George Rollins dated April 25, 2025; case file summary, Index No. 6613/2008; inquest transcript, June 14, 2011; judgment entered June 29, 2011; affidavit of George Rollins in support of notification dated April 25, 2025; email dated April 24, 2025; affidavit of emergency of George Rollins dated April 25, 2025; Part 130 certification; court rules, Index No. 6613/2008.
• Affidavits of service of instant motion on plaintiff's attorney, Index No. 6613/2008.
Upon the foregoing papers, having heard oral argument[FN1]
, and due deliberation having been had, the within motion is determined as follows.
Background
This is a motion by defendants G. Rollins Plumbing & Heating, LLC and George Rollins ("moving defendants"), seeking to vacate a judgment in favor of plaintiff Eileen Cook ("plaintiff") entered against them on June 29, 2011, in the within personal injury action commenced in 2008.
A review of the history of this action is called for. It is based on the moving defendants' motion papers and documents on file with the Kings County Clerk.
On February 29, 2008, under Index No. 6613/2008, plaintiff commenced an action for personal injuries against defendants City of New York, New York City Department of Transportation, and New York City Transit Authority, seeking damages for personal injuries sustained on September 25, 2007, on Avenue N between East 56th Street and East 57th Street, in Brooklyn. She had tripped and fell while descending from a bus as a result of a defect on the street.
On September 30, 2009, under Index No. 24713/2009, plaintiff commenced another action for personal injuries, making the same allegations, this time against moving defendants. Two affidavits of service were filed. Both were sworn to by Carla Polizzi on October 15, 2009, before a notary public. The affidavits of service attested that on Tuesday, October 13, 2009, at 7:10 a.m., at 1143 Nostrand Avenue, Apt 2, Brooklyn, NY 11225, Ms. Polizzi served George Rollins and G. Rollins Plumbing & Heating, LLC, by delivering copies of the summons with verified complaint to Ms. Smith, described as being female, having brown skin, having brown hair, being 36-50 years of age, being 5'4"-5'8" in height, and weighing 161-200 lbs. In the affidavit of service regarding defendant Rollins, Ms. Smith was identified as a co-worker and a person of suitable age and discretion at said defendant's actual place of business. The service on defendant Rollins was completed by mailing a copy of the document to the above address on October 15, 2009, as per the affidavit of service pertaining to him. In the affidavit of service regarding defendant G. Rollins Plumbing & Heating, LLC, Ms. Smith was identified as the managing/authorized agent and a person who stated she was authorized to accept service on behalf of said defendant.
In an order dated February 8, 2010, a motion for a default judgment against moving [*3]defendants was granted; an inquest against the non-City defendants, i.e., G. Rollins Plumbing & Heating, LLC and George Rollins, was directed to be held at the time of trial.
Both actions were consolidated by another order, also dated February 8, 2010, into one action — the one assigned Index No. 6613/2008, i.e., the instant action.
Plaintiff moved for a trial preference on the grounds that she was over 70 years old, in July 2010. With moving defendants in default noted in an order dated September 23, 2010, plaintiff was granted a trial preference. A stipulation of settlement between plaintiff and the City defendants was entered on that same day. Likewise on September 23, 2010, an order was signed setting down the matter for an inquest trial against moving defendants on a date to be determined by the JHO Part.
Notice of entry of the September 23, 2010 order setting down the matter for an inquest trial, along with a copy of the order, was served on moving defendants by mailing them from a mailbox located at Avenue U and Bedford Avenue, in Brooklyn, on September 27, 2010, addressed to them at 1143 Nostrand Avenue, #2, Brooklyn, New York 11225. The affidavit of service, dated September 27, 2010, was executed by Nataliya Boyko, an employee of Baron Associates P.C., located at 2509 Avenue U, Brooklyn, New York.
A stipulation of discontinuance between plaintiff and the City of New York was entered on January 31, 2011.
On June 14, 2011, Hon. Maxine Archer, Special Referee, conducted an inquest. Upon plaintiff's testimony, judgment was granted in favor of plaintiff in the sum of $50,000. A proposed judgment was filed with the County Clerk along with proof of service by mailing at the mailbox located at Avenue U and Bedford Avenue, in Brooklyn, on June 24, 2011; the affirmant was Troy White, an employee of Baron Associates P.C. It was mailed to moving defendants at 1143 Nostrand Avenue, #2, Brooklyn, New York 11225.
The County Clerk entered a judgment in favor of plaintiff against moving defendants in the total sum of $50,175.00, on June 29, 2011.
By order to show cause dated April 25, 2025, moving defendants seek an order "(a) to vacate the default judgment against me and my company; (b) to stay enforcement of the restraining notice against my personal and company bank accounts." In support of the motion, moving defendant George Rollins submitted an affidavit, in pertinent part asserting the following:
• He owns G. Rollins Plumbing and Heating, LLC, and seeks vacatur of the judgment "in the interest of justice, and pursuant to CPLR 5015(a)(1) and (a)(4)."
• In 2008, plaintiff commenced a personal injury action against the City of New York and, in 2009, a summons and complaint was allegedly filed against him in another action. Both actions were consolidated.
• He was "never served with the summons and complaint" or the application to consolidate, and "had no notice of this action until recently."
• His failure to appear was not willful but due to lack of service and notice and he has a meritorious defense to the asserted claims.
• He first became aware of this lawsuit when his bank notified him that his personal account was restrained. He learned that a default judgment had been entered against him and his company in the amount of $50,000.
• The files have been archived.
• He contacted plaintiff's attorney, who provided him with information about the lawsuit, including the inquest transcript. While plaintiff claimed she was injured at a bus stop across from 5601 Avenue N, his company performed work limited to the front of 5606 Avenue N. The transcript lacked evidence that he or his company performed work at the bus stop. The work performed did not involve breaking of cement or excavation at or near the bus stop.
• He is unable to pay for basic living expenses, medical bills, and business-related costs. (Rollins aff Apr. 25, 2025.)
At oral argument, moving defendants argued through counsel that they were never served. The Court adverted to the affidavits of service of Carla Polizzi attesting to substituted service on October 13, 2009 and a mailing on October 15, 2009. Counsel stated he was unaware of the existence of the affidavits of service. The Court replied that they were available on the County Clerk's website. Counsel, after speaking to moving defendant Rollins and a person he described as Rollins' wife, stated that 7:10 a.m. was too early for anyone to be at the listed location and that there were multiple units there, i.e., at 1143 Nostrand Avenue.
Plaintiff's counsel argued that moving defendants' application was insufficient but if the Court found otherwise a traverse hearing should be scheduled before the motion was determined. She noted that her client was now very elderly.

Discussion
As noted above, moving defendants ground their motion on CPLR 5015 (a) (1) and (4) and the interests of justice.
CPLR 5015 (a) provides in pertinent part:
(a) On motion. The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of:
1. excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry; or
. . .
4. lack of jurisdiction to render the judgment or order[.]
In Nash v Port Auth. of NY & N.J. (22 NY3d 220, 225-226 [2013]), the Court of Appeals wrote insofar as is relevant to the within motion:
Save for the one-year requirement in section 5015 (a) (1) concerning excusable defaults, motions made pursuant to paragraphs (2), (3) and (5) contain no limitation of time, only a requirement that the time within which the motion is made be "reasonable" (David D. Siegel, Practice Commentaries, McKinney's Cons. Laws of NY, Book 7B, CPLR C5015:3). The determination as to whether such a motion has been made within a reasonable time is within the motion court's discretion (see Third Preliminary Rep of Advisory Comm on Prac and Pro, 1959 Legis Doc No. 17 at 205). . . .
Nonetheless, section 5015 (a) makes clear that the motion court's determination to vacate a judgment is a discretionary one. It "may relieve" a litigant from a judgment "upon such terms as may be just." This language applies to all five of the enumerated CPLR 5015 (a) paragraphs, in addition to qualifying the court's common-law ability to grant relief from a judgment in the interests of justice (see Ladd v Stevenson, 112 NY 325, 332 [1889]). In exercising its discretion, the motion court should "consider the facts of the particular case, the equities affecting each party and others affected by the judgment or order, and the grounds for the requested relief" (Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.03 at 50-284). 

"Motions under subdivisions of CPLR 5015 (a) (2) through (5) are not subject to any stated time limit, though a reasonable time for bringing a vacatur application is implied and 'late' applications are subject to the doctrine of laches" (Mark C. Dillon, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C5015:3 [2023]).
For instance, in North Side Sav. Bank v Rosati (32 AD3d 921 [2d Dept 2006]), the defendant who sought to vacate a deficiency judgment under CPLR 5015 (a) (4) for lack of jurisdiction was denied relief due to her failure to establish the lack of proper service of process as well as her almost 10-year delay in seeking the relief.
Concerning CPLR 5015's subdivision (a), the following is instructive:
The Supreme Court should have denied that branch of the defendant Jillian Telford's cross motion which was pursuant to CPLR 5015 (a) (4) to vacate the order of reference and default judgment entered upon her failure to appear or answer the complaint for lack of personal jurisdiction. The process server's affidavit of service constituted prima facie evidence of service of the summons and complaint pursuant to CPLR 308 (2), and Telford's bare and unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service (see Washington Mut. Bank v Huggins, 140 AD3d 858, 859 [2016]; Bank of NY v Espejo, 92 AD3d 707, 708 [2012]; Roberts v Anka, 45 AD3d 752, 754 [2007]; cf. Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [2016]). Telford failed to dispute the physical characteristics of the person served and failed to deny receipt of the mailed copies of the summons and complaint.
Regarding that branch of Telford's cross motion which was to vacate the order of reference and default judgment pursuant to CPLR 5015 (a) (1), Telford failed to demonstrate a reasonable excuse for her default since the only excuse she proffered was that she was not served with process (see Matter of Foreclosure of Tax Liens, 144 AD3d 1033, 1034 [2016]; Sass Muni IV DTR v Braxter, 143 AD3d 798, 799 [2016]). The absence of a reasonable excuse for the default renders it unnecessary to determine whether she demonstrated the existence of a potentially meritorious defense (see Bank of Am., N.A. v Agarwal, 150 AD3d 651 [2017]; Sass Muni IV DTR v Braxter, 143 AD3d at 799). Accordingly, the Supreme Court should have denied that branch of Telford's cross motion which was pursuant to CPLR 5015 (a) (1) to vacate the order of reference and default judgment. (U.S. Bank N.A. v Telford, 153 AD3d 881, 881-882 [2d Dept 2017].)
Elsewhere, it has been held that in determining whether personal jurisdiction was acquired, in order to resolve a motion made under paragraph (4) of CPLR 5015's subdivision (a), the affidavit of service constitutes prima facie evidence of proper service pursuant to CPLR 308 (see HSBC Bank USA v Gifford, 224 AD3d 447, 450 [1st Dept 2024]; State v Summers, 211 [*4]AD3d 1208 [3d Dept 2022]). "[T]he defendant's mere denial of receipt of the summons and complaint failed to rebut the presumption of proper service created by the affidavit of service (see CPLR 5015 [a] [4]; General Motors Acceptance Corp. v Grade A Auto Body, Inc., 21 AD3d 447 [2005]). Thus, proper service was made upon the defendant pursuant to CPLR 308 (2)." (Anderson v GHI Auto Serv., Inc., 45 AD3d 512,513 [2d Dept 2007].)
For an affidavit submitted in support of a motion to vacate a judgment pursuant to CPLR 5015 (a) (4) to be sufficient to require a hearing on service, the defendant must swear to specific facts that rebut the statements in the process server's affidavit; setting forth that the defendant did not receive the pleadings, but not denying the specific facts contained in the process server's affidavit, does not suffice (see BAC Home Loans Servicing, LP v Carrasco, 160 AD3d 688 [2d Dept 2018]).
"The courts have consistently held that '[w]hen a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1).' Rockman v. Nassau Cnty. Sheriff's Dep't, 224 AD3d 758, 759, 206 N.Y.S.3d 113, 115 (2d Dep't 2024)" (Siegel, New York Practice § 430 [Dec 2024 cum supp]).
The Court finds that the affidavits of service of Carla Polizzi attesting to service of the summons and complaint in Index No. 24713/2009 on Tuesday, October 13, 2009, at 7:10 a.m., at 1143 Nostrand Avenue, Apt 2, Brooklyn, NY 11225, with a physical description of the person served, followed up by a mailing two days later, constituted prima facie evidence of service of the summons and complaint (see HSBC Bank USA v Gifford, 224 AD3d at 450; State v Summers, 211 AD3d 1208; U.S. Bank N.A. v Telford, 153 AD3d 881). The person served at the location, Ms. Smith, stated that she was the managing/authorized agent of G. Rollins Plumbing and Heating, LLC and authorized to accept service on behalf of said defendant.
Moving Defendant Rollins's bare and unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service (see Rodriguez v Kvatchadze, — AD3d —, 2025 NY Slip Op 01962, *1 [2d Dept 2025]; Wells Fargo Bank, NA v Tobing, 175 AD3d 745, 747 [2d Dept 2019]; U.S. Bank N.A. v Telford, 153 AD3d 881; Anderson v GHI Auto Serv., Inc., 45 AD3d 512). In his affidavit, Rollins failed to controvert Polizzi's identification of Ms. Smith, in terms of physical characteristics of the person served and failed to deny receipt of the mailed copy of the summons and complaint (see PNC Bank, N.A. v Bannister, 161 AD3d 1114 [2d Dept 2018]; BAC Home Loans Servicing, LP v Carrasco, 160 AD3d 688; U.S. Bank N.A. v Telford, 153 AD3d 881; Williamson v Marlou Cab Corp., 129 AD3d 711 [2d Dept 2015]; Simonds v Grobman, 277 AD2d 369 [2d Dept 2000] ["did not swear to specific facts to rebut the statements in the process server's affidavits"]; cf. Wells Fargo Bank, N.A. v Final Touch Interiors, LLC, 112 AD3d 813 [2d Dept 2013] [setting forth significant discrepancies between process server's physical description and actual physical appearance]). To the extent that his counsel attempted to do so during oral argument, the assumption was made that Ms. Smith was Rollins's wife, whose name provided was Marcia Forde. There was no affidavit from Ms. Forde, nor did Rollins's affidavit upon which the order to show cause was signed allege anything about who was present or not on October 13, 2009 at 1143 Nostrand Avenue. Rollins did not mention anything pertaining to the mailed copy of the summons and complaint: whether he received it, what mail service was like in October 2009, or who collected and opened the mail. There being a failure to sufficiently rebut the prima facie case of service made out by the affidavits of [*5]service, a traverse hearing is not called for (see BAC Home Loans Servicing, LP v Carrasco, 160 AD3d 688; Scarano v Scarano, 63 AD3d 716 [2d Dept 2009] ["no hearing is required where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits' "]).
Therefore, moving defendants' reliance on CPLR 5015 (a) (4), i.e., lack of jurisdiction, to support their motion to vacate the June 29, 2011 judgment herein is unavailing.
By its terms, a motion made pursuant to CPLR 5015 (a) (1) must be made within one year after service of a copy of the judgment with written notice of entry. The record is devoid of proof of service of notice of entry of the judgment. There is proof of service of the proposed judgment, i.e., the judgment form before completed and signed by the County Clerk. Hence, the Court must also consider whether moving defendants possess a viable claim to relief under paragraph (1) of CPLR 5015 (a). Said paragraph allows for relief from a judgment upon excusable default.
Moving defendants' offer of excusable default is that they did not receive the summons and complaint. However, that argument is rejected for the same reasons it was rejected insofar as CPLR 5015 (a) (4) was concerned. The issue of a meritorious defense, required in an application for relief made under CPLR 5015 (a) (1) (see JPMorgan Chase Bank, N.A. v Morton, 226 AD3d 665, 667 [2d Dept 2024]), is rendered academic. In any event, the Court finds that a meritorious defense was not asserted. Moving defendant Rollins confirmed that his company performed work on the even side of the block of Avenue N between East 56th Street and East 57th Street. Further, Rollins did not describe the nature of the work his company performed on September 25, 2007. To the extent that Rollins cites a lack of evidence at the inquest regarding his or his company's work, it is irrelevant. The inquest served only to put forward evidence as to the extent of plaintiff's damages. By defaulting in answering the complaint, he admitted the allegations of liability for purposes of the inquest (see U.S. Bank N.A. v Gilchrist, 172 AD3d 1425, 1427 [2d Dept 2019]). 
In the absence of excusable default and a meritorious defense, moving defendants' reliance on CPLR 5015 (a) (1), i.e., excusable default, to support their motion to vacate the June 29, 2011 judgment herein is unavailing.
Finally, in terms of interests of justice, the Court is skeptical of moving defendant Rollins's claim of non-receipt of the summons and complaint considering that he acknowledged working on the block where the accident occurred on September 25, 2007, yet did not attest to any details about who was present two years later, on October 13, 2009, at his location.
The record contains three instances of confirmed mailings of papers to moving defendants at 1143 Nostrand Avenue, Apt. 2 or #2, Brooklyn, New York 11225:
• Summons and complaint in Index No. 24713/2009, mailed on October 15, 2009.
• Notice of entry of the September 23, 2010 order in Index No. 6613/2008 setting down the matter for an inquest trial, along with a copy of the order, mailed on September 27, 2010.
• Proposed judgment in Index No. 6613/2008, mailed on June 24, 2011.
Yet, never, until nearly 14 years after the judgment was entered, purportedly after a bank account was restrained, did moving defendants appear in either this action (Index No. 6613/2008) or in the other one (Index No. 24713/2009).
Plaintiff is very elderly. If she was over 70 years of age in July 2010, she is presently over 84 years old. If the judgment she possesses is vacated, the odds are that by the time this matter goes to trial after the requisite discovery takes place she will not benefit from any successful verdict — that is if she even remembers the details of the September 25, 2007 accident. In taking into account plaintiff's circumstances, the Court adheres to the Court of Appeals' guidance in Nash v Port Auth. of NY & N.J. that the motion court should take into account "the equities affecting each party and others affected by the judgment" (22 NY3d at 226 [internal quotation marks omitted]).
It is true that the resolution of cases on the merits is favored (see Nationstar Mtge., LLC v Persaud, 234 AD3d 982 [2d Dept 2025]; Bardes v Pintado, 115 AD3d 894, 895 [2d Dept 2014]; Fried v Jacob Holding, Inc., 110 AD3d 56 [2d Dept 2013]). It is also true that the law reflects society's interest in giving repose to human affairs, and this is furthered by deadlines which lead to stability and predictability when enforced (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 20 [2021]). Judicial economy is also enhanced through the enforcement of deadlines (see Blanco v American Tel. & Tel. Co., 90 NY2d at 773-774 [1997]). Repose to judicial proceedings and the preservation of judicial resources is favored (see U.S. Bank Trust, N.A. v Rahman, 218 AD3d 626, 628 [2d Dept 2023]; Deutsche Bank Natl. Trust Co. v Quinn, 186 AD3d 561, 563 [2d Dept 2020]; Campbell v Campbell, 107 AD3d 929, 930 [2d Dept 2013]; Sanchez v Sanchez, 79 AD2d 651, 653 [2d Dept 1980, Cohalan, J., concurring] ["to hold a hearing now on the traverse, almost two decades after service was effected in the declaratory judgment action . . . is unfair. There should be a statute of repose on such a matter. . . ."]; Sieger v Sieger, 17 Misc 3d 1101[A], 2007 NY Slip Op 51787[U], *7 [Sup Ct, Kings County 2007]; cf. Yarbough v Franco, 95 NY2d 342 [2000] [half-year delay]).
The subject judgment was docketed in 2011. It was a matter of record. Moving defendants are charged with at least constructive notice of it (cf. Charles v Berman, 191 AD3d 632 [2d Dept 2021] [judgment not docketed properly]). An almost 10-year delay in moving pursuant to CPLR 505 (a) (4) was factored into account by the court in North Side Sav. Bank v Rosati (32 AD3d 921), in denying the defendant vacatur of a judgment on the asserted grounds of lack of proper service of process. The equities do not lie with moving defendants herein who moved to vacate the judgment after a nearly 14-year delay. Therefore, the Court finds that the interests of justice do not support vacatur of the judgment against moving defendants (see Wilson v Saini, 221 AD3d 847, 849 [2d Dept 2023] [failure to rebut presumption of proper service created by the affidavit]; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 693 [2d Dept 2019] [failure to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect]; Cox v Marshall, 161 AD3d 1140, 1142 [2d Dept 2018] [discretion reserved for unique or unusual circumstances]; Kleynerman v MJGC Home Care, 153 AD3d 1246 [2d Dept 2017] [failure to establish CPLR 5015 (a) grounds to vacate]; Katz v Marra, 74 AD3d 888 [2d Dept 2010] [claims of financial distress not sufficient to justify exercise of court's inherent discretionary power to vacate judgment in interests of substantial justice]; NYCTL 2005-A Trust v 2137-2153 Nostrand Ave. Assoc., L.P., 69 AD3d 697 [2d Dept 2010] [equities did not favor movant]).

Conclusion
It is hereby ORDERED that the motion of defendants G. Rollins Plumbing & Heating, [*6]LLC and George Rollins to vacate the judgment in favor of plaintiff Eileen Cook entered against them on June 29, 2011 is hereby DENIED, and the stay on enforcement and collection efforts is vacated

Footnotes

Footnote 1: Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).