■ FEDERAL HOME LOAN MORTGAGE CORPORATION, Respondent, v SUBRAMANIAN SUNDARAM, Also Known as MUTHU S. SUNDARAM, et al., Appellants. [656 NYS2d 328] —In an action to foreclose a mortgage, the defendants appeal (1) from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Lama, J.), entered April 12, 1995, (2) from an order of the same court (Cannavo, J.), dated August 1, 1995, which granted the defendants' motions to vacate the judgment of foreclosure and sale only to the extent of granting a hearing to determine whether the defendants were properly served with process, (3) from an order of the same court (Cannavo, J.), dated December 5, 1995, which, after a hearing, determined that the defendants were properly served with process and denied the defendants' motion to vacate the judgment of foreclosure and sale, and (4) as limited by their brief, from so much of an order of the same court (Cannavo, J.), dated January 31, 1996, as denied that branch of their motion which was to renew their motion to vacate the judgment of foreclosure and sale.

Ordered that the appeals from the judgment entered April 12, 1995, and the order dated August 1, 1995, are dismissed; and it is further,

Ordered that the order dated December 5, 1995, is affirmed; and it is further,

Ordered that the order dated January 31, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the judgment of foreclosure and sale is dismissed, as no appeal lies from a judgment made upon the default of the aggrieved party (*see,* CPLR 5511). The appeal from the order dated August 1, 1995, is dismissed, since an order directing a judicial hearing to aid in the disposition of the action is not appealable as of right (*see,* CPLR 5701 [a] [2] [v]).

We find no basis to disturb the hearing court's determination, based upon its assessment of the credibility of the witnesses at the hearing to determine whether the defendants

were properly served with process, that proper service had been effected upon both defendants (*see,* CPLR 308 [2]). The defendants failed to sustain their burden of establishing that there was a reasonable excuse for their default and a meritorious defense to the action (*see, Matter of Little Flower Children's Servs. [Sean Courtney G.] v Vernon J.,* 213 AD2d 548). Therefore, the court did not err in denying the motions to vacate the judgment of foreclosure. Moreover, that branch of the defendants' motion which was to renew was properly denied. Rosenblatt, J. P., Ritter, Thompson and Sullivan, JJ., concur.