■ THEODORE KRECHMER, Respondent, v JANNA BOULAKH et al., Appellants. [715 NYS2d 253] —In an action, *inter alia,* to recover damages for conversion, the defendants Alexei Kouznetsov and Zoya Kuznetsova appeal from an order of the Supreme Court, Kings County (Deutsch, J.H.O.), dated September 29, 1999, which, after a hearing to determine the validity of service of process, denied their motion to vacate an order of the same court (Rigler, J.), dated January 20, 1999, granting the plaintiff's motion to enter judgment against them upon their failure to appear or answer the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contentions, the record amply supports the court's determination that personal jurisdiction was acquired over the defendant Zoya Kuznetsova by proper service pursuant to CPLR 308 (2) (*see, F.I. duPont, Glore, Forgan & Co. v Chen,* 41 NY2d 794; *Chesman v Lippoth,* 271 AD2d 567; *Roldan v Thorpe,* 117 AD2d 790; *Braun v St. Vincent's Hosp. & Med. Ctr.,* 91 AD2d 985). Issues of credibility are generally for the court and its determination will not be disturbed if supported by a fair interpretation of the evidence (*see, Koslosky v Koslosky,* 267 AD2d 357; *McGuirk v Mugs Pub,* 250 AD2d

824; *Federal Home Loan Mtge. Corp. v Sundaram,* 238 AD2d 372). The record supports the Supreme Court's determination and will not be disturbed.

The Supreme Court also correctly found that the defendant Alexei Kouznetsov was properly served pursuant to CPLR 308 (4) (*see, National Dev. Co. v Triad Holding Corp.,* 930 F2d 253, *cert denied sub nom. Khashoggi v National Dev. Co.,* 502 US 968; *see also, Howard Johnson Intl. v Wang,* 181 F3d 82; *ITC Entertainment v Nelson Film Partners,* 714 F2d 217; *Karlin v Avis,* 326 F Supp 1325). This defendant, a resident of Moscow, only sporadically stayed in his New York vacation house that he owned and shared with, among others, his infant daughter and her mother, the defendant Janna Boulakh. Nevertheless, this house was properly found to be his "dwelling place or usual place of abode within the state" (CPLR 308 [4]). The appellants' reliance upon *Mangold v Neuman* (57 NY2d 627) is misplaced, as the only issue decided in that case was the defendant's residence. In the instant case, it is uncontroverted that Alexei Kouznetsov's residence is in Moscow. Moreover, *Mangold v Neuman (supra)* concerned an issue involving service upon an American citizen with multiple domestic residences, not upon a foreign citizen with a principal residence abroad (*see, National Dev. Co. v Triad Holding Corp., supra*). Under the circumstances of this case, we are satisfied that service was effectuated at Alexei Kouznetsov's "dwelling place or usual place of abode within the state" (CPLR 308 [4]) and thus jurisdiction over him was acquired.

The appellants' remaining contentions are without merit. Sullivan, J. P., S. Miller, Altman and Friedmann, JJ., concur.