■ STACIE SCHWERNER, Respondent, v CONSTANTINO SAGONAS, Appellant. [811 NYS2d 595]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated January 11, 2005, which, inter alia, denied his motion to vacate an order of the same court dated September 21, 2004, granting the plaintiff's motion for leave to enter a judgment upon his failure to appear or answer the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to vacate the order dated September 21, 2004, on the ground of improper service of process, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of whether proper service was effected and, thereafter, for a new determination of that branch of the defendant's motion; as so modified, the order is affirmed, with costs payable to the defendant.

On this record, the defendant's sworn denial of receipt of process was sufficient to rebut the affidavit of substituted service. Accordingly, the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing (*see Verille v Kopic,* 304 AD2d 823 [2003]; *Bankers Trust Co. of Cal. v Tsoukas,* 303 AD2d 343, 343-344 [2003]; *Kingsland Group v Pose,* 296 AD2d 440 [2002]).

The defendant's remaining contentions are without merit.

Upon remittal, if the Supreme Court determines that it acquired personal jurisdiction over the defendant, then the matter shall be set down for an inquest on damages, on a date to be determined by the Supreme Court. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.