■ Dorota B. Olender, Appellant, v Felix A. Maldonado et al., Respondents. [819 NYS2d 479]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rosenberg, J.), dated June 10, 2005, which granted the defendants' motion, inter alia, to vacate an order of the same court (M. Garson, J.), dated April 30, 2004, granting the plaintiff's motion for leave to enter a

judgment upon the defendants' default in appearing or answering and to vacate a judgment of the same court (M. Garson, J.), entered October 25, 2004, which, after an inquest, was in favor of the plaintiff and against the defendants in the principal sum of $750,000.

Ordered that the order dated June 10, 2005, is modified, on the law, by deleting the provision thereof granting those branches of the motion which were to vacate the order dated April 30, 2004, and to vacate so much of the judgment as was against the defendant Allstate Power Vac, Inc.; as so modified, the order dated June 10, 2005, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith, and thereafter, for a new determination of those branches of the motion.

The Supreme Court properly granted those branches of the defendants' motion which were to vacate the order dated April 30, 2004, granting that branch of the plaintiff's motion which was for leave to enter a judgment upon the default of the defendant Felix Maldonado in appearing or answering, and to vacate so much of the judgment as was against that defendant. Maldonado established that he did not personally receive notice of the summons and complaint in time to defend and has a meritorious defense as to liability and damages (*see* CPLR 317).

On the other hand, there are issues of fact regarding the reasonableness of the excuse of the defendant Allstate Power Vac, Inc. (hereinafter APV), in failing to appear or answer (*see* CPLR 5015 [a] [1]), and regarding the timeliness of APV's receipt of notice of the summons and complaint (*see* CPLR 317), for which a hearing was necessary before the Supreme Court could rule on those branches of the defendants' motion with respect to APV (*see Schwerner v Sagonas,* 28 AD3d 468 [2006]; *Verille v Kopic,* 304 AD2d 823 [2003]). We therefore remit the matter to the Supreme Court, Kings County, for such a hearing and a new determination of those branches of the motion. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.