■ In the Matter of TNT PETROLEUM, INC., Respondent, v SEA PETROLEUM, INC., et al., Appellants. [833 NYS2d 906]—In a turnover proceeding pursuant to CPLR 5225 (b), Sea Petroleum, Inc., True Value Gas Corp., and Yahya Bayat appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Martin, J.), entered July 19, 2004, upon their default in appearing or answering, which granted the petitioner's motion, inter alia, to pierce the corporate veil of Sea Petroleum, Inc., and True Value Gas Corp. and to compel Yahya Bayat to satisfy a money judgment entered against Sea Petroleum, Inc., and True Value Gas Corp., and Yahya Bayat appeals from an order of the same court dated June 20, 2005, which denied that branch of his motion which was pursuant to CPLR 5015 to vacate the order and judgment entered June 19, 2004, and that branch of the motion, denominated as one for leave to reargue and renew the petitioner's prior motion but which was, in actuality, for leave to reargue.

Ordered that the appeal from the order and judgment entered July 19, 2004, is dismissed, without costs or disbursements, as no appeal lies from an order and judgment made upon the default of the appealing party (see CPLR 5511; *Wiener v Iwachiw,* 22 AD3d 747 [2005]); and it is further,

Ordered that the appeal from so much of the order dated June 20, 2005, as denied that branch of the motion which was, in effect, for leave to reargue is dismissed, without costs or disbursements, and no appeal lies from an order denying reargument (see *Fischer v RWSP Realty, LLC,* 19 AD3d 540 [2005]); and it is further,

Ordered that the order dated June 20, 2005 is reversed insofar as reviewed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether proper service was made upon the appellant Yahya Bayat in accordance with the requirements of CPLR 308 (1) or (2), and thereafter for a new determination of that branch of the motion which was pursuant to CPLR 5015 to vacate the order and judgment entered July 19, 2004.

The Supreme Court summarily concluded that the appellant Yahya Bayat had been properly served with process and denied that branch of his motion which was to vacate the order and judgment entered July 19, 2004. Under the circumstances of this case, considering the affidavit of service and Yahya Bayat's

sworn denial of receipt of process, a hearing is necessary to determine the issue of whether proper service was effected upon him (*see Schwerner v Sagonas,* 28 AD3d 468 [2006]; *Kingsland Group v Pose,* 296 AD2d 440 [2002]; *Dime Sav. Bank of N.Y. v Steinman,* 206 AD2d 404 [1994]; *Green Point Sav. Bank v Taylor,* 92 AD2d 910 [1983]).

In light of our determination, we do not reach the appellants' remaining contentions. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.