■ AMERICAN HOME MORTGAGE SERVICING, INC., Respondent, v AZEEZ GBEDE, Appellant, et al., Defendants. [5 NYS3d 879]—

In an action to foreclose a mortgage, the defendant Azeez Gbede appeals from an order of the Supreme Court, Queens County (Kitzes, J.), entered February 25, 2013, which granted the plaintiff's motion, in effect, for summary judgment on the

complaint, and denied those branches of his cross motion which were pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and pursuant to CPLR 3012 (d) for leave to serve and file a late answer.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

"A process server's affidavit of service constitutes prima facie evidence of proper service" (*Scarano v Scarano*, 63 AD3d 716, 716 [2009]). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits' " (*id.*, quoting *Simonds v Grobman*, 277 AD2d 369, 370 [2000] [citation omitted]; *see Bank of N.Y. v Samuels*, 107 AD3d 653, 653 [2013]).

The affidavit of service of the plaintiff's process server established, prima facie, that the defendant was properly served pursuant to CPLR 308 (1) with copies of the summons, notice, and complaint. In opposition, however, the defendant's affidavit denying receipt of those papers, and his averment that he was at his place of employment in New York County at the time of the alleged service, were sufficient to rebut the presumption of proper service.

The plaintiff's remaining contention is without merit.

Therefore, the Supreme Court should have directed a hearing to determine whether the appellant was properly served with process (*see Edwards, Angell, Palmer & Dodge, LLP v Gerschman*, 116 AD3d 824 [2014]; *Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC*, 106 AD3d 863, 864 [2013]; *Toyota Motor Credit Corp. v Lam*, 93 AD3d 713, 714 [2012]; *U.S. Bank, N.A. v Arias*, 85 AD3d 1014, 1015-1016 [2011]). Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine whether the appellant was properly served with process pursuant to CPLR 308 (1), and, thereafter, a new determination of the motion and the cross motion. Balkin, J.P., Austin, LaSalle and Barros, JJ., concur.