Mizerek v Rosenfeld (2018 NY Slip Op 04711)





Mizerek v Rosenfeld


2018 NY Slip Op 04711


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-10069
 (Index No. 507250/15)

[*1]Marlena Mizerek, respondent, 
v
Chaim S. Rosenfeld, appellant, et al., defendants.


Harry I. Katz, P.C. (Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY [Jonathan A. Dachs], of counsel), for appellant.
Sabaj Law, P.C., Brooklyn, NY (Paul Thomas Sabaj of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for assault, battery, and intentional infliction of emotional distress, the defendant Chaim S. Rosenfeld appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated August 9, 2016. The order, insofar as appealed from, denied, without a hearing, that branch of that defendant's cross motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction based upon improper service of process pursuant to CPLR 308(2).
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant Chaim S. Rosenfeld was properly served with process pursuant to CPLR 308(2), and thereafter for a new determination of that branch of that defendant's cross motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction based on improper service of process pursuant to CPLR 308(2).
In June 2014, the plaintiff allegedly was, inter alia, physically assaulted by the defendant Chaim S. Rosenfeld. In June 2015, the plaintiff commenced this action, among other things, to recover damages for assault, battery, and intentional infliction of emotional distress against Rosenfeld and others. In an affidavit of service, the plaintiff's process server averred that he served Rosenfeld with the summons and complaint on October 1, 2015, at 1:45 p.m., by leaving the papers [*2]with Schia Rosenfeld (hereinafter Schia), a person of suitable age and discretion at Rosenfeld's apartment in Brooklyn. The affidavit stated that an additional copy of the papers were mailed the same day to Rosenfeld's apartment.
When Rosenfeld failed to answer the complaint, the plaintiff moved for leave to enter a default judgment against him. Rosenfeld cross-moved, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction based upon improper service of process pursuant to CPLR 308(2), or, in the alternative, to compel the plaintiff to accept his late answer. Rosenfeld argued that, at the time of the claimed service, he, his wife, and his infant son were away from the apartment visiting his wife's family. Rosenfeld contended that the only people who lived with him in the apartment were his wife and infant son, that no one else had access to their apartment, and that no one was staying or visiting his apartment at the time of the purported service.
Without conducting a hearing on the issue of service, the Supreme Court denied the plaintiff's motion, denied that branch of the cross motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Rosenfeld for lack of personal jurisdiction based upon improper service of process pursuant to CPLR 308(2), and granted that branch of the cross motion which was to compel the plaintiff to accept Rosenfeld's late answer.
"A process server's affidavit of service constitutes prima facie evidence of proper service" (Scarano v Scarano, 63 AD3d 716, 716; see American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d 1004, 1005; Velez v Forcelli, 125 AD3d 643, 644; Servpro Indus., Inc. v Anghel, 121 AD3d 665, 665-666; Aurora Loan Servs., LLC v Gaines, 104 AD3d 885, 886). A defendant may raise a question of fact about the affidavit of service by submitting a sworn denial of receipt of service (see Matter of TNT Petroleum, Inc. v Sea Petroleum, Inc., 40 AD3d 771, 771-772; Elm Mgt. Corp. v Sprung, 33 AD3d 753, 754-755). However, a mere conclusory denial of service will not be sufficient to rebut the process server's affidavit (see Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1116; Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631). Rather, the denial must be substantiated by specific, detailed statements, and/or independent evidence that contradicts the allegations in the affidavit of service (see American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d at 1005; Machovec v Svoboda, 120 AD3d 772, 773-774). "If the presumption is rebutted, a hearing to determine the propriety of service of process is necessary" (Machovec v Svoboda, 120 AD3d at 773).
Here, the affidavit of service of the plaintiff's process server constituted prima facie evidence of proper service of the summons and complaint upon Rosenfeld pursuant to CPLR 308(2) (see Kondaur Capital Corp. v McAuliffe, 156 AD3d 778, 779; U.S. Bank N.A. v Telford, 153 AD3d 881, 881-882; Citibank, N.A. v Balsamo, 144 AD3d 964, 965). However, in support of Rosenfeld's cross motion, Rosenfeld and his wife, who, for religious reasons, submitted affirmations instead of affidavits, rebutted that presumption (see HSBC Bank USA, N.A. v Archibong, 157 AD3d 662; Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985; Wells Fargo Bank, N.A. v Christie, 83 AD3d 824, 825).
Therefore, the Supreme Court should have directed a hearing to determine whether Rosenfeld was properly served with process (see American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d at 1005). Accordingly, we must remit the matter to the Supreme Court, Kings County, for a hearing to determine whether Rosenfeld was properly served with process pursuant to CPLR 308(2), [*3]and thereafter, a new determination on that branch of the cross motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Rosenfeld.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court