Wells Fargo Bank, N.A. v Colace (2019 NY Slip Op 09318)





Wells Fargo Bank, N.A. v Colace


2019 NY Slip Op 09318


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-11920
2018-11921
 (Index No. 47811/2009)

[*1]Wells Fargo Bank, N.A., plaintiff, 
v
Stephanie Colace, appellant, et al., defendants; 21st Mortgage Corporation, nonparty-respondent.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Bradshaw Law Group, P.C., New York, NY (Diane Bradshaw of counsel), for nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Stephanie Colace appeals from (1) an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated July 3, 2018, and (2) an order of the same court also dated July 3, 2018. The first order, insofar as appealed from, granted that branch of the motion of nonparty 21st Mortgage Corporation which was for a writ of assistance. The second order granted that branch of the motion of nonparty 21st Mortgage Corporation which was for a writ of assistance and directed the Sheriff of Suffolk County to eject the defendant Stephanie Colace from the subject property and to put nonparty 21st Mortgage Corporation into possession thereof.
ORDERED that the first order is reversed insofar as appealed from, on the law; and it is further,
ORDERED that the second order is reversed, and it is further,
ORDERED that the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the issue of whether the defendant Stephanie Colace was properly served with a 10-day notice to quit and a referee's deed pursuant to CPLR 308, and a new determination thereafter of that branch of the motion of nonparty 21st Mortgage Corporation which was for a writ of assistance; and it is further,
ORDERED that one bill of costs is awarded to the defendant Stephanie Colace.
In December 2009, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced this action against the defendant Stephanie Colace (hereinafter the defendant), among others, to foreclose a mortgage on property located in Huntington Station. On June 18, 2014, the Supreme Court entered a judgment of foreclosure and sale. On July 7, 2016, Wells Fargo executed an assignment of judgment pursuant to which it assigned the judgment of foreclosure and sale to nonparty 21st Mortgage Corporation (hereinafter 21st Mortgage). On August 17, 2016, the Referee [*2]conducted a foreclosure sale, at which 21st Mortgage was the highest bidder. By referee's deed dated October 17, 2016, the Referee conveyed the premises to 21st Mortgage. In July 2017, the defendant moved, inter alia, pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale. The Supreme Court denied the motion, and this Court has affirmed (see Wells Fargo Bank, N.A. v Colace, ___ AD3d ___ [Appellate Division Docket No. 2017-12342; decided herewith]).
Thereafter, 21st Mortgage moved, inter alia, pursuant to RPAPL 221 for a writ of assistance directing the Sheriff of Suffolk County to remove the defendant and any other occupant from the subject property. In support, 21st Mortgage submitted, inter alia, an affidavit of service attesting to service on the defendant of a 10-day notice to quit and a certified copy of the referee's deed, along with copies of the 10-day notice to quit and the referee's deed. The defendant opposed the motion. In an order dated July 3, 2018, the Supreme Court granted that branch of the motion which was for a writ of assistance directing the Sheriff to remove the defendant from the premises, but otherwise denied the motion. In a second order also dated July 3, 2018, the court again granted that branch of the motion which was for a writ of assistance and directed the Sheriff to eject the defendant from the subject property. The defendant appeals.
"Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d 1004, 1005). "[W]here there is a sworn denial that a defendant was served with process, the affidavit of service is rebutted, and the plaintiff must establish jurisdiction at a hearing by a preponderance of the evidence" (Wells Fargo Bank, NA v Chaplin, 65 AD3d at 589).
Here, the affidavit of service submitted by 21st Mortgage established, prima facie, that the defendant was properly served pursuant to CPLR 308(1) with the 10-day notice to quit and a copy of the referee's deed. However, the defendant's affidavit denying receipt of those papers and averring that she was at work at the time of the alleged service, along with her submissions in support of that assertion, were sufficient to rebut the presumption of proper service (see American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d at 1005; cf. U.S. Bank N.A. v Patterson, 102 AD3d 858, 859).
Therefore, the Supreme Court should have conducted a hearing on the issue of whether the defendant was properly served with the 10-day notice to quit and referee's deed pursuant to CPLR 308 (see HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 663; Bank of Am., N.A. v Tobing, 145 AD3d 941, 942). Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing to determine whether the defendant was properly served pursuant to CPLR 308(1), and, thereafter, a new determination of that branch of 21st Mortgage's motion which was pursuant to RPAPL 221 for a writ of assistance.
The defendant's remaining contentions are without merit.
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court