Citimortgage, Inc. v Erani (2020 NY Slip Op 00843)





Citimortgage, Inc. v Erani


2020 NY Slip Op 00843


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-08161
 (Index No. 502673/13)

[*1]Citimortgage, Inc., respondent, 
v
Fred Erani, etc., et al., appellants, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
Sandelands Eyet LLP, New York, NY (Mitchell E. Zipkin of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Fred Erani and Vicki Erani appeal from a judgment of foreclosure and sale of the Supreme Court, Kings County (Noach Dear, J.), dated May 24, 2017, as amended May 24, 2017. The judgment of foreclosure and sale, as amended, upon an order of the same court dated May 24, 2017, granting the plaintiff's motion for a judgment of foreclosure and sale and denying those defendants' cross motion, inter alia, to dismiss the complaint insofar as asserted against them, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale, as amended, is reversed, on the law, with costs, the plaintiff's motion for a judgment of foreclosure and sale is denied, so much of the order dated May 24, 2017, as denied the cross motion of the defendants Fred Erani and Vicki Erani, inter alia, to dismiss the complaint insofar as asserted against them for lack of jurisdiction is vacated, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether those defendants were properly served with process pursuant to CPLR 308(2), and, thereafter, if appropriate, for a new determination of those defendants' cross motion.
In May 2013, the plaintiff commenced this action to foreclose a mortgage on residential property against, among others, the defendants Fred Erani and Vicki Erani (hereinafter together the defendants). The plaintiff alleges that the defendants defaulted on a note executed by defendant Fred Erani in favor of Lehman Brothers Bank in the amount of $400,000. The defendants did not answer, although they did appear at settlement conferences.
Thereafter, the plaintiff moved for a judgment of foreclosure and sale. The defendants cross-moved, inter alia, to dismiss the complaint insofar as asserted against them on the grounds that they were not served with the complaint, and therefore, the court lacked jurisdiction over them and, alternatively, on the basis that the plaintiff failed to comply with RPAPL 1304. In an order dated May 24, 2017, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. A judgment of foreclosure and sale dated May 24, 2017, as amended, was thereafter entered. The defendants appeal.
Although a process server's affidavit of service constitutes prima facie evidence of [*2]proper service (see American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d 1004, 1005; Scarano v Scarano, 63 AD3d 716, 716), a defendant may rebut that presumption by submitting a sworn denial of receipt of service (see Matter of TNT Petroleum, Inc. v Sea Petroleum, Inc., 40 AD3d 771, 771-772; Elm Mgt. Corp. v Sprung, 33 AD3d 753, 754-755), substantiated by specific, detailed statements, and/or independent evidence that contradicts the allegations in the affidavit of service (see American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d at 1005; Machovec v Svoboda, 120 AD3d 772, 773-774). If the presumption of proper service is rebutted, a hearing is necessary to determine the propriety of service of process (see Machovec v Svoboda, 120 AD3d at 773).
Here, in his affidavits, the plaintiff's process server averred that he served the complaint on June 6, 2013, upon Fred Erani by means of service on Vicki Erani as a person of suitable age and discretion, and that service was made on Vicki Erani by serving her personally at that same time. However, the defendants submitted the affidavit of Vicki Erani, in which she expressly averred that she was never served. She also averred that, on Thursdays, which was the day of the week of the alleged service, she customarily was away from her residence, assisting her mother with errands. The defendants also submitted the affidavit of Vicki Erani's mother confirming that Vicki Erani spent every Thursday with her. The defendants also submitted evidence that, in 2016, this particular process server's application to renew his license as an individual process server had been denied by the New York City Department of Consumer Affairs on the basis that he had falsified affidavits of service. The defendants' submissions rebutted the presumption of proper service established by the process server's affidavit (see HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 663; Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985). Therefore, the Supreme Court should have directed a hearing to determine whether the defendants had been properly served with process (see American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d at 1005).
Moreover, the Supreme Court should have denied the plaintiff's motion for a judgment of foreclosure and sale because the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304. RPAPL 1304(1) provides that at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in RPAPL 1304, such lender, assignee, or mortgage loan servicer must give notice to the borrower. RPAPL 1304(1) sets forth the requirements for the content of such notice and RPAPL 1304(2) further provides that such notice must be sent "by registered or certified mail and also by
first-class mail" to the last known address of the borrower. "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (U.S. Bank N.A. v Henderson, 163 AD3d 601, 602 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 891-892). By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, " the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing,' which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Bank of Am., N.A. v Bittle, 168 AD3d 656, 658, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see U.S. Bank N.A. v Cope, 175 AD3d 527, 529-530).
Here, the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304 because neither of the affidavits submitted by the plaintiff of two of its vice presidents asserted personal knowledge of the purported mailing and neither vice president made the requisite showing that she was familiar with the plaintiff's mailing practices and procedures to establish "proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed" (U.S. Bank N.A. v Henderson, 163 AD3d at 603 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d at 892). The plaintiff failed to attach, as exhibits to the motion, any documents to prove that the mailing actually happened. Since the plaintiff failed to provide evidence of the actual mailing, or evidence of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304 [*3](see U.S. Bank N.A. v Cope, 175 AD3d at 529-530; Investors Sav. Bank v Salas, 152 AD3d 752, 753).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, we reverse the judgment of foreclosure and sale, deny the plaintiff's motion for a judgment of foreclosure and sale, vacate so much of the order dated May 24, 2017, as denied the defendants' cross motion, and remit the matter to the Supreme Court, Kings County, for a hearing to determine whether the defendants were properly served with process pursuant to CPLR 308(2) and, if appropriate, for a new determination thereafter of the defendants' cross motion.
RIVERA, J.P., AUSTIN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court