Citimortgage, Inc. v Behrman (2020 NY Slip Op 07535)





Citimortgage, Inc. v Behrman


2020 NY Slip Op 07535


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-00014
 (Index No. 10811/10)

[*1]Citimortgage, Inc., etc., respondent, 
v
Kris Behrman, appellant, et al., defendants.


Somer & Heller LLP, Commack, NY (Jeffrey T. Heller of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Max T. Saglimbeni of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kris Behrman appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 30, 2018. The order, insofar as appealed from, denied, without a hearing, those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court entered May 4, 2017, upon his failure to appear or answer the complaint, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and denied that branch of his motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant Kris Behrman which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether the defendant Kris Behrman was properly served with process, and a new determination thereafter of those branches of his motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
On October 23, 2003, the defendants Kris Behrman and Heather Lunson executed a note in the sum of $296,000 in favor of ABN AMRO Mortgage Group, Inc. (hereinafter ABN AMRO). The note was secured by a mortgage on residential property in Farmingdale (hereinafter the subject premises).
On June 4, 2010, the plaintiff commenced this action against Behrman, among others, to foreclose the mortgage. The plaintiff filed an affidavit of service in which its process server averred that on June 8, 2010, at approximately 3:42 p.m., Berhman was served by leaving a copy of the summons and complaint with "Tom 'Doe' (CO-OCCUPANT) . . . a person of suitable age and discretion" at the subject premises. The person served was described in the affidavit as "approximately 40 to 49 years of age, 175 to 199 lbs, 6-0 to 6-3 ft, male, blonde hair, white skin." [*2]Behrman did not answer the complaint or otherwise appear in the action. By order entered April 23, 2015, the Supreme Court granted the plaintiff's unopposed motion for summary judgment on the complaint and for an order of reference. On May 4, 2017, the court entered a judgment of foreclosure and sale.
In September 2017, Behrman moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction or, in the alternative, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. By order entered August 30, 2018, the Supreme Court denied the motion. Behrman appeals.
The affidavit of a process server constitutes prima facie evidence that the defendant was validly served (see Washington Mut. Bank v Holt, 71 AD3d 670). While bare and unsubstantiated denials are insufficient to rebut the presumption of service (see Community W. Bank, N.A. v Stephen, 127 AD3d 1008), a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing (see Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630).
Here, Berhman demonstrated his entitlement to a hearing on the issue of service through his affidavit, in which he denied having been served with the summons and complaint and averred that, "[o]n June 8, 2010 at 3:43 pm, a Tuesday, I was at work at Elmhurst Dairy, 155-25 Styler Road, Jamaica, New York 11433 having left home at 8:00 a.m. and returning home at 10:00 p.m., as I did every Monday through Friday at that time." He further averred that "there were never any tenants or any other males residing at my home and no one by the name of Tom ever occupied my home." Since Berhman's submission rebutted the presumption of proper service established by the process server's affidavit, the Supreme Court should have directed a hearing to determine whether personal jurisdiction was acquired over Berhman (see Citimortgage, Inc. v Erani, 180 AD3d 641, 643; Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing on the issue of whether Behrman was properly served with process, and a new determination thereafter of those branches of his motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
However, that branch of Berhman's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned was untimely because it was made after entry of the judgment of foreclosure and sale (see Ditech Fin., LLC v Rizzo, 175 AD3d 1243, 1245) and, therefore, was properly denied.
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court