Zhiying Wang v Bin Wu (2022 NY Slip Op 05182)

Zhiying Wang v Bin Wu

2022 NY Slip Op 05182

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
ROBERT J. MILLER, JJ.

2021-04838
 (Index No. 605454/20)

[*1]Zhiying Wang, respondent,
v
Bin Wu, et al., appellants.

The Jones Law Group, LLC, St. Albans, NY (Andrew P. Jones of counsel), for appellants.
Hang & Associates, PLLC, Flushing, NY (Jian Hang and Jiajing Fan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages pursuant to Labor Law article 6, the defendants appeal from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered June 16, 2021. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In the complaint, the plaintiff alleges that she was employed by the defendants as a "live-in" nanny and housekeeper who provided childcare and housekeeping services for the defendants' two children at their home in Syosset (hereinafter the Syosset property). The plaintiff asserts various causes of action against the defendants based upon, inter alia, violations of Labor Law article 6 and the Domestic Workers' Bill of Rights.
According to the process server's affidavits of service, the defendants were served with the summons and complaint at the Syosset property pursuant to CPLR 308(4), after two prior attempts to serve them by personal delivery. The defendants thereafter moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction on the ground that they did not reside at the Syosset property. The Supreme Court denied the motion, and the defendants appeal.
"A process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 738 [alteration and internal quotation marks omitted]; see Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). "'While bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing'" (Christiana Trust v Mauro, 191 AD3d 756, 758, quoting Bank of Am., N.A. v Tobing, 145 AD3d 941, 942; see Citimortgage, Inc. v Erani, 180 AD3d 641, 643).
Here, the process server's affidavits of service, which reflects three attempts to effect personal service at the defendants' residence at different times and on different days, constitutes prima facie evidence of proper service pursuant to CPLR 308(4) (see Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 760). The defendants' affidavits denying that they resided at the Syosset property were conclusory and unsubstantiated, and, therefore, insufficient to rebut the presumption of proper service. The defendants failed to submit any documentation showing that they lived anywhere other than the Syosset property. It was undisputed that the defendants' children lived at the Syosset property where the plaintiff was employed, that the defendants' children attended school in New York, and that the Syosset property was owned by the defendant Bin Wu. Although the defendants averred that, due to their extensive travel for work they only visited their children during the summer months and at Christmastime, the Supreme Court properly found that the Syosset property was their "dwelling place or usual place of abode within the state" (CPLR 308[4]; see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1175; Krechmer v Boulakh, 277 AD2d 288, 289).
The defendants' remaining contentions are not properly before this Court.
DUFFY, J.P., BARROS, RIVERA and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court