| |
|---|
| **Concept 914 LLC v Alpine Acres Condominium** |
| 2024 NY Slip Op 32500(U) |
| July 23, 2024 |
| Supreme Court, Sullivan County |
| Docket Number: Index No. E2021-1766 |
| Judge: Meagan K. Galligan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN

------------------------------------------------------------------x

Concept 914 LLC,

                        Plaintiff,

          -against-

Alpine Acres Condominium, et al,

                    Defendants.

------------------------------------------------------------------x

**Decision & Order**

Motion 2
Index # E2021-1766

Papers Considered:
NYSCEF Filings 1-47

Appearances:         LEECH TISHMAN ROBINSON
BROG, PLLC
By: MICHAEL E GREENE, ESQ.
885 Second Avenue, Fl. 3
One Dag Hammarskjöld Plaza
New York, NY 10017
*For Plaintiff*

APPEL MARKOWITZ, LLP
By: ISRAEL TSVI APPEL, ESQ.
31 Spencer Street Suite 1202
Brooklyn, NY 11205
*For Defendant Alpine Acres Condominium*

Galligan, J.

      Plaintiff commenced an action on October 15, 2021, against defendant Alpine Acres Condominium, which plaintiff alleged by complaint is an unincorporated New York Homeowner's Condominium Association[1] ("defendant") and fictitious persons or entities having an interest upon a premises described by the complaint. Plaintiff seeks declaratory judgment that the premises, commonly known as The Alpine Acres Condominium, Unit No. F14, more fully described by legal description attached to the complaint, was unlawfully conveyed to defendant. Plaintiff further claimed that it acquired lawful title to the premises on July 13, 2016.

      By its complaint, plaintiff alleged that defendant purportedly acquired title by foreclosure action at Sullivan County Index Number 23441-2014 against BMG Equities LLC following that entity's default. Plaintiff alleges that BMG was a shell corporation that did not pay school and property taxes for the premises and that Samuel and Suri Solomon, who subsequently formed plaintiff entity, paid those charges.

      An affidavit of service avers service of plaintiff's summons and complaint upon Alpine Acres Condominiums Association Inc a/h/a Alpine Acres Condominium by delivery to the Secretary of State on October 27, 2021, pursuant to Section 306 Not for Profit Corporation Law.

      Defendants defaulted. On March 10, 2022, Supreme Court (Bryant, J.) ordered plaintiff to "personally serve [its] Decision and Order on Defendant," determining the same "sufficient Notice of Inquest." On March 22, 2022, plaintiff served Alpine Acres Condominiums Association Inc., again by serving the Secretary of State.

      Following its inquest, on September 16, 2022,[2] the court (Bryant, J.) "ORDERED, ADJUDGED and DECREED Plaintiff Concept 914 LLC is the sole owner of [ ]Unit No. Fl4 [ ] with a street address of 156

---

[1] The court has considered defendant's argument that plaintiff knew, as evidenced by its complaint, that defendant is unincorporated. Nonetheless, in light of plaintiff's receipt of an invoice from a nearly identically named corporation from an address associated with defendant, there existed some justifiable level of confusion which, in the interests of justice, should not foreclose plaintiff from opportunity for adjudication of its claim on its merits.

[2] The court (Bryant, J.) amended its order on October 3, 2022.

[* 1]

Acorn Lane, Fallsburg, New York." Plaintiff served notice of entry, again upon the Secretary of State, on November 2, 2022.

Plaintiff avers that, on February 12, 2024, an attorney, Zachary Kelson, Esq., communicated by email to David Mendelowitz at david@dependablems.com that counsel for plaintiff "has been trying to reach you to discuss this matter" (NYSCEF 46, p. 3).[3]

On April 4, 2024, defendant moved by the instant order to show cause to vacate "the default judgment dated September 16, 2022, and amended on October 2, 2022, pursuant to CPLR 5015(a)(4), CPLR 317" and to dismiss "the action pursuant to CPLR 3211(a)(8) and CPLR 306-b." Defendant offers in support affidavits of its president and manager, both of whom assert that it is an unincorporated association. Both further assert that defendant has no relationship, right of access, or affiliation with Alpine Acres Condominium Association, Inc., a not-for-profit corporation with an address of 199 Lee Avenue, #381, Brooklyn, NY, 11211. Both aver that they learned about this case in December of 2023 when plaintiff's lawyer contacted defendant's lawyer.

Plaintiff submits a year 2008 invoice from Alpine Acres Condominium Assoc., reciting the same address listed by the Secretary of State, 199 Lee Avenue, #381, Brooklyn, NY, 11211, sent to Shmuel and Suri Solamon.[4] These are the individuals who claim to have paid school and property taxes before the foreclosure at Index Number 23441-2014.

In support of its application defendant alleges that the court lacked personal jurisdiction over it because service upon a different entity of similar name is not effective and service upon an unincorporated association must be made upon its president or treasurer. *See* General Association Law 13; *Terranova v 10 & 40 Shore Blvd. Condominium,* 2017 NYMiscLEXIS 953 [Kings Co 2017]. While service upon the Secretary of State is permissible option regarding a corporation (Business Corporation Law 306), or a not for profit corporation (Not for Profit Corporation Law 306), service upon an unincorporated association via the Secretary of State is impermissible.[5]

Plaintiff asserts that defendant never advised it that plaintiff is an unincorporated association, citing no case, statute, or regulation imposing such an obligation upon defendant. Plaintiff supposes that defendant is deriving an advantage from confusion following from the similarly named not for profit corporation to evade service.

In any event, service upon the Secretary of State, even if defendant subsequently acquired actual notice, regardless of defendant's motives, does not confer upon this court personal jurisdiction over defendant. No service was made upon defendant's president or treasurer.

"The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of ack of jurisdiction to render the judgment or order." CPLR 5015(a)(4). No hearing is necessary here, where plaintiff has advanced no claim of proper service upon defendant's president or

---

[3] The email message submitted indicates that the message contained an attachment; the attachment has not been identified or submitted to the court.

[4] While the spellings are not identical to the parties who formed plaintiff entity, they are similar.

[5] A voluntary unincorporated association "is neither a partnership nor a corporation. It is not an artificial person, and has no existence independent of its members." *Palladino v CNY Centro, Inc.,* 23 NY3d 140 [2014], *quoting Martin v Curran,* 303 NY 276 [1951].

2

treasurer. *Cf., Citimortgage, Inc. v Behrman,* 189 AD3d 1159 [2nd Dept 2020]. Therefore, the court must vacate the judgment.

"If service is not made upon a defendant within the time provided [by CPLR 306-b], the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service." NY CPLR 306-b.

While defendant's motion to vacate the judgment against it must be granted, as to its motion for dismissal, this court may, in the interest of justice, extend plaintiff's time for service. In determining whether to exercise its "interest of justice" discretion, the court may consider not only plaintiff's diligence, but also the expiration of the statute of limitations, the meritorious nature of plaintiff's cause of action, the length of delay in service, the promptness of any request for extension of time, and any prejudice to an opposing party. *Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95 [2001].

By its complaint, plaintiff pleads an apparently meritorious claim, alleging that it purchased the property with no reason to believe there existed a cloud on title but is now confronted with a claim from an unincorporated entity whose name is strikingly similar name to that of the incorporated entity from whom plaintiff purchased the premises. Plaintiff suggests it may be the victim of a sophisticated fraud, rendering its action meritorious.  Further, while defendant moves to dismiss, it advances no claim of prejudice.

While the length of delay in service and promptness of the request for the extension of time militate against an extension of time,[6] on balance, this court finds that the interest of justice favors a substantive determination of plaintiff's claim. Therefore, pursuant to Section 306-b of the Civil Practice Law and Rules, the court extends plaintiff's time to effect proper service upon defendant for a period of one hundred and twenty days from the date hereof.

Accordingly, it is hereby

**ORDERED** that the default judgement against Alpine Acres Condominium, *et al* is vacated; and it is further

**ORDERED** that plaintiff's time to properly serve defendant unincorporated association is extended for a period of one hundred and twenty days from the date hereof.

The foregoing constitutes the Decision and Order of the Court. The signing of this Decision and Order shall not constitute entry or filing under CPLR § 2220. Counsel is not relieved from the applicable provisions of that rule regarding notice of entry.

Dated: July 23, 2024             E N T E R :
        Monticello, NY

_____
        **Hon. Meagan K. Galligan, JSC**

Pursuant to CPLR § 5513, an appeal as of right must be taken within thirty (30) days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty (30) days thereof.

---

[6] The court makes no determination as to the applicability, if any, of any statute of limitations if it were to dismiss this case now.

3

[* 3]