Bank of N.Y. Trust Co., N.A. v Herbin (2025 NY Slip Op 04865)

Bank of N.Y. Trust Co., N.A. v Herbin

2025 NY Slip Op 04865

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-10977
 (Index No. 723152/21)

[*1]Bank of New York Trust Company, N.A., etc., plaintiff, 
v
Richard Herbin, appellant, et al., defendants.

Auciello Law Group, P.C. (Anthony Auciello and McKinley Law, P.C., Lloyd Harbor, NY [Shannon McKinley], of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Richard Herbin appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated April 5, 2023. The order denied that defendant's motion (1) pursuant to CPLR 5015(a) to vacate an order of the same court dated December 10, 2008, inter alia, granting that branch of the plaintiff's motion which was for an order of reference, and a judgment of foreclosure and sale of the same court dated August 7, 2009, entered upon his failure to appear or answer the complaint, (2) pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and (3) to set aside certain deeds transferring the subject property.
ORDERED that the order dated April 5, 2023, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether the defendant Richard Herbin was properly served with process, and a new determination thereafter of that defendant's motion (1) pursuant to CPLR 5015(a) to vacate the order dated December 10, 2008, and the judgment of foreclosure and sale dated August 7, 2009, (2) pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and (3) to set aside certain deeds transferring the subject property.
On February 19, 2008, the plaintiff commenced this action against the defendant Richard Herbin (hereinafter the defendant), among others, to foreclose a mortgage given by the defendant encumbering certain real property located in Queens. The defendant failed to appear or answer the complaint. In an order dated December 10, 2008 (hereinafter the order of reference), the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference and appointed a referee to compute the amount due to the plaintiff. On August 7, 2009, the court issued a judgment of foreclosure and sale.
In September 2021, the defendant moved pursuant to CPLR 5015(a) to vacate the order of reference and the judgment of foreclosure and sale, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and to set aside the deeds that transferred the property after the sale. By order dated April 5, 2023, the Supreme Court denied the motion. The defendant appeals.
"It is axiomatic that the failure to serve process in an action leaves the court without [*2]personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (Hossain v Fab Cab Corp., 57 AD3d 484, 485 [internal quotation marks omitted]; see Matter of Exxon Mobil Corp. v New York City Dept. of Envtl. Protection, 178 AD3d 696, 698). "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see U.S. Bank N.A. v Dass, 200 AD3d 1003, 1004). "A defendant moving to vacate a default pursuant to CPLR 5015(a)(4) must overcome the presumption raised by such an affidavit of service" (Wilmington Sav. Fund Socy., FSB v Zabrowsky, 212 AD3d 866, 869; see Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d 988, 989). "While a mere conclusory denial of service will not suffice to rebut a prima facie showing of proper service, the sworn denial, combined with documentary and other evidence supporting such a claim, is sufficient to rebut the plaintiff's prima facie showing of proper service and to necessitate an evidentiary hearing" (Citmortgage, Inc. v Barton, 212 AD3d 706, 708; see Wilmington Sav. Fund Socy., FSB v Zabrowsky, 212 AD3d at 869; Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d at 989). "If the presumption is rebutted, a hearing is necessary, at which the plaintiff must establish jurisdiction by a preponderance of the evidence" (Wilmington Sav. Fund Socy., FSB v Zabrowsky, 212 AD3d at 869; see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 777).
Here, the defendant demonstrated his entitlement to a hearing on the issue of service through his affidavit and evidentiary submissions. The defendant averred that he has never lived at the address where he was purportedly served on February 28, 2008, and that he lived at a different address, 1222 35th Avenue in Long Island City, from 2004 through February 2008. He submitted proof of his residence at 1222 35th Avenue. Further, he submitted proof that the process server who allegedly served the defendant on February 28, 2008, swore that he served another individual in South Ozone Park at the exact same time. The defendant also submitted evidence that, in 2016, this particular process server's application to renew his license as an individual process server was denied by the New York City Department of Consumer Affairs on the basis that he had falsified affidavits of service. Since the defendant's submissions rebutted the presumption of proper service established by the process server's affidavit, the Supreme Court should have directed a hearing to determine whether personal jurisdiction was acquired over the defendant (see Citimortgage, Inc. v Behrman, 189 AD3d 1159, 1161; Citimortgage, Inc. v Erani, 180 AD3d 641, 643).
The defendant's remaining contentions are without merit.
Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine whether the defendant was properly served with process, and a new determination thereafter of the defendant's motion. Insofar as the defendant seeks to set aside the deeds transferring the property, that is properly determined by the Supreme Court in the first instance upon proper notice to all interested parties.
IANNACCI, J.P., BRATHWAITE NELSON, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court